IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MARK DARCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-5040-CV-SW-RED |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Mark Darch (hereinafter "Plaintiff") seeks judicial review of the Commissioner's denial of his request for supplemental security income benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

**BACKGROUND**

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

**LEGAL STANDARD**

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of defendant's brief without quotation or citation.

evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work

that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## **ANALYSIS**

Plaintiff presents four issues for review: (1) whether the ALJ erred in finding Plaintiff's depression and anxiety not severe, (2) whether the ALJ was correct to discount the opinion of Dr. Shah, (3) whether the RFC determination was proper, and (4) whether the credibility analysis was proper.

**I.     The ALJ Properly Determined Plaintiff's Mental Impairments Were Not Severe**

Plaintiff first argues the ALJ erred in finding his depression and anxiety were not severe impairments. An impairment is "non-severe" if it has no more than a minimal impact on Plaintiff's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921. After review, the Court finds no error with the ALJ's assessment.

The ALJ discussed Plaintiff's depression and anxiety at length, and he noted a number of factors that weighed in favor of finding the impairments non-severe. First, the ALJ cited Dr. Modasher Shah's notes from a January 2007 mental examination where the doctor found Plaintiff was "not overtly depressed" and that his depression was "mostly somatic." The Eighth Circuit has

3

repeatedly found that mental impairments that are situational are not disabling. *E.g.*, *Dunahoo v. Apfel*, 241 F.3d 1033, 1039-40 (8th Cir. 2001). Also, during a visit in July 2005, Plaintiff complained of a history of depression and anxiety, but the doctor found no abnormality other than a mildly dysphoric and anxious effect and marginal insight and judgment. The ALJ also noted that Dr. Paige told Plaintiff repeatedly to quit abusing alcohol and marijuana, but Plaintiff did not comply. Dr. Paige noted Plaintiff was "doing well" with treatment and had no anxiety spells for several months. *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) (noting that if impairment can be controlled by treatment, it cannot be considered disabling). Plaintiff also admitted on separate occasions in the application process that he had not consulted anyone regarding emotional or mental problems that limited his ability to work. For these reasons, the Court finds the ALJ's conclusion that Plaintiff's depression and anxiety are not severe impairments is supported by substantial evidence in the record.

## II.  The ALJ Gave Proper Weight to the Medical Opinions

Plaintiff's second argument is that the ALJ improperly discredited the medical opinions of Dr. Shah. As the treating physician, Plaintiff argues Dr. Shah's opinion deserved controlling weight. Dr. Shah stated on January 22, 2007, that Plaintiff had marked limitation of the ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them, complete a normal work day and work week without interruption from psychologically-based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, and get along with co-workers or peers

4

without distracting them or exhibiting behavioral extremes. The ALJ discounted Dr. Shah's opinion because "it is clearly inconsistent with the other medical evidence of record, including Dr. Shah's own treatment notes."

As already noted, Dr. Shah indicated Plaintiff's anxiety was "mostly somatic," and that he was "not overtly depressed" during a January 2007 visit. *Dunahoo*, 241 F.3d at 1039-40 (situational impairments are not disabling). During previous appointments, Dr. Shah had indicated Plaintiff was "doing ok," and felt "less worried." Dr. Shah's statement was also inconsistent with other evidence, including other physicians' opinions that Plaintiff's anxiety was controlled with treatment and medication. *Brown*, 390 F.3d at 540 (noting that if impairment can be controlled by treatment, it cannot be considered disabling). Given these inconsistencies, the Court finds no error with the weight afforded Dr. Shah's opinions. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006) ("For a treating physician's opinion to have controlling weight, ... it must not be 'inconsistent with the other substantial evidence in the case record'").

## III.    The ALJ Properly Determined Plaintiff's Residual Functional Capacity

Next, Plaintiff argues the ALJ's RFC is not sufficiently supported by the evidence of record. Specifically, Plaintiffs argues the ALJ failed to provide sufficient limitations for his mental and physical impairments, and failed to provide a sufficient bridge between the evidence and the RFC.

Regarding Plaintiff's assertion that the ALJ failed to provide sufficient limitations for his physical and mental impairments, an ALJ is not obligated to include limitations from medical opinions which may properly be disregarded. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010). Likewise, the ALJ also need not include in the RFC any limitations which he finds are not credible. *Massey v. Astrue*, No. 1:09 CV 93 HEA/DDN, 2010 WL 2521076, at *7 (E.D. Mo. May 3, 2010)

(citing *Pearsall v. Massahari*, 274 F.3d 1211, 1218 (8th Cir. 2001)). In this instance, the ALJ found Plaintiff's subjective complaints not entirely credible, and he gave less weight to Dr. Shah's opinion regarding Plaintiff's impairments because it was inconsistent with the other substantial evidence of record. Moreover, the evidence indicated that some of Plaintiff's impairments, including his shoulder problems, improved with medication and treatment. Such conditions are not disabling, and the ALJ's RFC properly accounted for Plaintiff's treatment successes. *See Pitman v. Barnhart*, 116 F. App'x 774, 776 (8th Cir. 2004). Nevertheless, the ALJ limited Plaintiff to light work, which indicates the ALJ considered and accounted for many of Plaintiff's physical impairments, including his lightheadedness, dizziness and exhaustion.

Finally, regarding Plaintiff's argument that the ALJ failed to provide a narrative link between the evidence and the RFC, the ALJ need not provide each limitation in the RFC immediately followed by a list of the specific evidence supporting that limitation. *See, e.g.*, *Wiese v. Astrue*, 552 F.3d 728, 734 (8th Cir. 2009); *see also Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("[A]n ALJ is not required to discuss every piece of evidence submitted," and "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered"). On review, the Court finds no error with the ALJ's RFC determination.

## IV. The ALJ Properly Evaluated Plaintiff's Credibility

Finally, Plaintiff challenges the ALJ's assessment of his credibility. An ALJ may properly discount subjective complaints if inconsistencies exist in the record as a whole. *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). Here the ALJ found Plaintiff's subjective complaints not entirely credible, and various inconsistencies in the record support the ALJ's determination. For example, the medical records indicate that Plaintiff often failed to take his medication. *Wagner v.*

6

*Astrue*, 499 F.3d 842, 851 (8th Cir. 2007) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility"). When Plaintiff complied with treatment and allowed his medical providers to check his pacemaker, he felt better and denied experiencing shortness of breath. *Id.* The ALJ also noted inconsistencies between Plaintiff's complaints and the medical records, including that Plaintiff's doctor noted his mental impairments were "mostly somatic," and that Plaintiff was doing well with his shoulder and pacemaker issues despite some medical non-compliance. *See Karlix v. Barnhart*, 457 F.3d 742, 748 (8th Cir. 2006) (noting an ALJ may discredit a claimant's testimony where said testimony conflicts with medical documentation). Finally, the ALJ noted that Plaintiff engages in a fairly normal range of daily activities, including preparing meals, taking out the trash, washing dishes, doing laundry, performing small home repairs, driving cars, going shopping, managing finances, spending time with his girlfriend and family, and reading newspapers. The ALJ found these activities were inconsistent with Plaintiff's allegation of disability. *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) (noting that acts such as shopping, cooking, and doing household chores "are inconsistent with subjective complaints of disabling pain").

After review, the Court finds no error with the ALJ's assessment of Plaintiff's credibility.

## **CONCLUSION**

For the reasons cited herein, the decision of the Administrative Law Judge is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

DATED:   July 12, 2010             */s/ Richard E. Dorr*
                                   RICHARD E. DORR, JUDGE
                                   UNITED STATES DISTRICT COURT